OPINION
Defendant-appellant George Hall ("appellant") appeals from the trial court's determination that he was a "sexual predator" pursuant to R.C. Chapter 2950. Finding appellant's appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On December 13, 1989, appellant was issued a four-count indictment. Appellant was charged with two counts of compelling prostitution. Appellant was also charged with kidnapping and aggravated robbery. Each count of the indictment contained two violence specifications. On February 23, 1990, appellant pleaded not guilty to the charges set forth in the indictment.
On April 4, 1990, appellant retracted his plea of not guilty and pleaded guilty to one count of compelling prostitution and to the charge of aggravated robbery. The remaining counts of the indictment were nolled. Appellant was then sentenced to concurrent prison terms of four to ten years for compelling prostitution and eight to fifteen years for aggravated robbery.
On April 11, 1997, the trial court conducted a sexual predator determination hearing pursuant to R.C. Chapter 2950. In a sentencing addendum and corresponding journal entry filed by the court on April 14, 1997, appellant was adjudicated to be a sexual predator. Therefrom, appellant filed the instant appeal.
 II.
In his first, second, and fourth through eighth assignments of error, appellant raises the following constitutional challenges to R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO THE APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS, BECAUSE THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDED THE CALLING OF WITNESSES, THE PRESENTATION OF EVIDENCE, AND THE GUARANTEE OF THE RIGHT TO CROSS-EXAMINE THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS.
 VI. APPELLANT'S RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 9
WERE VIOLATED WHEN HE WAS SUBJECTED TO THE PROVISIONS OF H.B. 180, WHICH IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VII. THE APPELLANT'S CONSTITUTIONAL RIGHTS AGAINST DOUBLE JEOPARDY GUARANTEED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION, WERE VIOLATED WHEN HE WAS SUBJECTED TO THE PROVISIONS OF H.B. 180.
 VIII. THE APPELLANT'S CONSTITUTIONAL RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT AS GUARANTEED BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9, OF THE OHIO CONSTITUTION, WERE VIOLATED BY THE APPLICATION OF H.B. 180, WITH ITS LEGISLATIVE STIGMA OF PUBLIC NOTIFICATION.
This court recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in Statev. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second, and fourth through eighth assignments of error are summarily overruled.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
In his third assignment of error, appellant asserts that the evidence presented at his hearing was insufficient to prove by clear and convincing evidence that he is a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's guilty plea on the charge of compelling prostitution qualifies as a sexually oriented offense under R.C. 2950.01(D)(2)(b). However, appellant claims that there was insufficient evidence presented at the hearing to determine by clear and convincing evidence that he "is likely to engage in the future in one or more sexual oriented offenses."
In making a determination as to whether an offender is a sexual predator, the trial judge must consider all relevant factors, including, but not limited to the factors listed in R.C. 2950.09(B)(2)
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
We note that R.C. 2950.09(B)(2) does not require that each factor be met, rather it simply requires the trial court consider those factors which are relevant. Accord State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
In the case sub judice, the record demonstrates that the trial court considered all of the relevant factors under R.C.2950.09(B)(2). The prosecution presented evidence that appellant had a criminal record which included his underlying conviction for compelling prostitution and aggravated robbery and a previous conviction for sexual battery. Moreover, the prosecution's exhibits evidenced a lurid pattern of behavior in which, on at least two separate occasions, appellant used drugs and alcohol, and violence, cruelty and threats, to sexually abuse teenage girls and compel them into prostitution.[1]
Based on the evidence presented, the trial court did not err in adjudicating appellant a sexual predator. Clear and convincing evidence exists justifying the disposition that appellant was likely to engage in similar behavior in the future; therefore, appellant's third assignment of error is overruled.
 IX. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
As for his final assignment of error, appellant claims that the trial court erred in concluding that the Ohio Rules of Evidence do not apply to sexual predator determination hearings.
In Cook, supra, the Supreme Court of Ohio held that "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings." Id. at 425, citing Evid.R. 101(C) (Evid.R. 101(C)(3) provides that rules of evidence do not apply to miscellaneous criminal proceedings). Accordingly, appellant's ninth assignment of error is overruled.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue but of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J and MICHAEL J. CORRIGAN, J. CONCUR.
LEO M. SPELLACY, PRESIDING JUDGE
[1] At appellant's sexual predator determination hearing, the prosecution presented various exhibits, including: (1) a supplemental police report/victim statement dated November 5, 1985, in which appellant was accused of kidnapping, rape and compelling prostitution involving a fifteen-year old girl; (2) a preliminary hearing transcript from that previous case, which was assigned Case No. CR-207510; (3) appellant's motion for shock probation from his prison sentence imposed in Case No. CR-207510; and (4) the written statement from the sixteen-year old victim of the underlying case, Case No. CR-247190.